## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IZZA LOPEZ, | § | |
| a/k/a RAUL LOPEZ, JR., | § | |
|      Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-3999 |
| | § | |
| RIVER OAKS IMAGING AND | § | |
| DIAGNOSTIC GROUP, INC., | § | |
|      Defendant. | § | |

## MEMORANDUM AND ORDER

This employment discrimination case is before the Court on Plaintiff's Motion for Leave to Amend Complaint ("Motion to Amend") [Doc. # 16] to add a claim under the Fair Credit Reporting Act.  Defendant filed a Response [Doc. # 19], and Plaintiff neither filed a Reply nor requested an extension of time to do so.  Having reviewed the full record, and having applied the requirements of Rule 16(b) of the Federal Rules of Civil Procedure, the Court **denies** the Motion to Amend.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is a male who lives as a woman and who "has received medical treatment to bring her appearance in line with her gender identity."  *See* Complaint [Doc. # 1], p. 2.  In September 2005, Plaintiff applied and interviewed for the position of Scheduler with Defendant River Oaks Imaging and Diagnostic Group, Inc. ("River

Oaks Imaging"). Plaintiff alleges that she was offered the position, but that the offer was later withdrawn. Defendant asserts that Plaintiff misrepresented herself as a female during the application and interview process.

Plaintiff filed this lawsuit on December 18, 2006, asserting a violation of Title VII, 42 U.S.C. § 2000e, *et seq.* During the initial scheduling conference on March 9, 2007, the Court discussed with counsel an appropriate deadline for amendments to pleadings. Based on this discussion and with the agreement of counsel, the Court issued a Docket Control Order [Doc. # 15], establishing April 30, 2007, as the deadline for Plaintiff to amend the Complaint.

On July 24, 2007, almost three months after the deadline, Plaintiff filed this Motion to Amend.

## II.   <u>ANALYSIS</u>

Leave to amend after the deadline granted in the Court's scheduling order is guided by Rule 16(b) of the Federal Rules of Civil Procedure. *See Southwestern Bell Telephone Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003). "Rule 16(b) provides that a scheduling order shall not be modified except upon a showing of good cause and by leave of the district judge. The good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Id.* (internal quotations omitted). In deciding

whether the movant has shown good cause, the Court must consider: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.* at 546.

In this case, Plaintiff has failed to show good cause.  Although Plaintiff asserts that she recently discovered, through independent research, the factual basis for the Fair Credit Reporting Act claim.  The record indicates, however, that Plaintiff knew by March 2, 2007, well before the amendments deadline, that Defendant had allegedly obtained a consumer report from PreCheck, Inc. and should have known that she did not receive an adverse action notice as required by the Fair Credit Reporting Act.

The amendment is not important to the Title VII claim originally included in Plaintiff's Complaint.  Instead, the Fair Credit Reporting Act claim is an independent, unrelated claim.  As a result, Defendant will be prejudiced by the amendment because substantial additional discovery, including deposing persons who have already been deposed on the Title VII claim, would need to be conducted on the new, independent claim, thus delaying this case well beyond the current schedule.  Although the Court could extend the discovery and other remaining deadlines in the case, the extension would not cure the additional time and expense required to conduct discovery on the

new claim.  The Court therefore denies the Motion to Amend, exercising its discretion to preserve the integrity and purpose of the docket control order.

## III.   CONCLUSION AND ORDER

The deadline for amendments to pleadings has expired, and Plaintiff has not shown good cause for the failure to amend before the deadline.  As a result, it is hereby

**ORDERED** that Plaintiff's Motion to Amend [Doc. # 16] is **DENIED**.

SIGNED at Houston, Texas, this **20th** day of **August, 2007**.

Nancy F. Atlas
United States District Judge